### Bowden v. Fargo, as President, etc.

(Monroe County Court—February, 1893.)

In an action against a common carrier to recover damages for an injury to a piano shipped by plaintiff at Bridgeport, Conn., to Rochester, N. Y., it appeared that the contract was a special one by which defendant was released from its common-law liability; that at the time of shipping, a receipt therefor was received; that the piano was boxed in a secure and workmanlike manner, and that at the time of delivery at B., it was in first-class order; that from the time of its delivery to the truckman in R. until it was delivered at plaintiff's house, it was carefully handled, and when opened it was found in a broken and damaged condition.  No explanation as to how the injury happened was given by defendant.  A verdict was rendered in favor of plaintiff.  *Held*, proper; the relation existing between plaintiff and defendant was contractual, and proof of the injury, as established by plaintiff, was at least *prima facie* evidence of negligence on the part of defendant, and its failure to explain it was sufficient to make it liable.

APPEAL from a judgment in favor of plaintiff.  The opinion states the case.

*A. H. Harris*, for defendant (appellant).

*E. L. Adams*, for plaintiff (respondent).

KINNEY, County J.   This is an action to recover damages for an injury to a piano shipped by respondent, at Bridgeport, Conn., to Rochester, N. Y., over appellant's line, and when unboxed at Rochester was found in a broken condition.   Judgment was rendered in the Municipal Court of the city of Rochester against appellant for the sum of $369.70, damages and costs, and the case comes before this court on appeal.   The contract between the parties was special, and in consideration of a reduced rate, the carrier was released from its common-law liability.   The evidence shows that the piano was shipped by appellant's line ; that a receipt therefor was received ; that the same was boxed in a strong box, securely fastened to the box with screws and cleats in a workmanlike manner, proper for shipment by freight to the place of destination, and that when the piano was delivered to the carrier for shipment it was in first-class order in every way.   It also appeared that from the time it was delivered to the truckman at the depot in Rochester until it was delivered at respondent's house, nothing happened to it, and it was handled carefully ; that upon opening the box it was found that the piano was in a broken and damaged condition which rendered it practically of no value. It is, therefore, quite apparent from the evidence that the damage and injury to the article happened while the same was in appellant's possession, in the course of conveying the same between Bridgeport and Rochester.   It is contended by appellant that it must be shown affirmatively by respondent that appellant was negligent, and that its negligence caused the damage, and that the inference of negligence cannot arise. The above is not the rule applicable to this case under the facts herein stated.   The burden of proof in cases of this character unquestionably rests upon the plaintiff, but he is not always required to point out the precise act or omission in which the negligence consists.   When the accident is one which in the ordinary course of events would not have

happened, but for the want of proper care on the part of the defendant, it is incumbent upon it to show that it had taken such precautions as prudence would dictate, and its failure to furnish the proof where, if it existed, it would be within its power, may subject it to the inference that such precautions were omitted. *Russell Manfg. Co.* v. *New Haven Steamboat Co.*, 50 N. Y. 127.

There was a contractual relation existing between the parties, and proof of the injury as established by the evidence is at least *prima facie* evidence of negligence on the part of the appellant, and unless explained by it is sufficient to make it liable. It is not necessary that the precise nature of negligence be shown. *Koenigsheim* v. *Hamburg, etc., Co.*, 17 Wkly. Dig. 405. No explanation as to how the injury happened was given by appellant. It is quite apparent from the memoranda of the judge of the Municipal Court before whom the action was tried, that the evidence received under appellant's objections did not enter into or influence his judgment, and it will, therefore, be unnecessary to consider the same.

The judgment appealed from should, therefore, be affirmed.